## LIPPNER v. CENTURY BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. BANKS AND BANKING (§ 154*)—DEPOSITS—PAYMENT—ACTIONS—PLEADING.

A complaint which alleges that the assignor of the plaintiff drew a postdated check on defendant bank, on which he stopped payment before the time for payment arrived, but which defendant paid, fails to state a cause of action where it is not alleged that the maker of the check was a depositor, or that defendant held any funds of the maker, or that the check was paid out of any such funds.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 516; Dec. Dig. § 154.*]

2. BANKS AND BANKING (§ 154*)—DEPOSITS—ACTIONS—PLEADING AND PROOF —ADMISSIBILITY.

Where a complaint against a bank for paying a check against instructions fails to state that the drawer was a depositor, evidence that the drawer was a depositor admitted over the objection of the defendant without an amendment of the complaint is improperly received.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 516; Dec. Dig. § 154.*]

Appeal from Trial Term, New York County.

Action by Charles S. Lippner against the Century Bank of the City of New York. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Philip K. Walcott, for appellant.
Myron Sulzberger, for respondent.

SCOTT, J. The defendant appeals from a judgment upon a verdict.

The complaint alleges that on a certain date one Joseph Gottlieb, plaintiff's assignor, drew a postdated check upon defendant, and that, before the check by its terms became payable, said Gottlieb notified defendant not to pay it, notwithstanding which defendant did pay it. The complaint does not allege that Gottlieb was a depositor with defendant, or that defendant held any funds of his, or that the check was paid out of any funds belonging to Gottlieb. Hence no cause of action was stated against the defendant. A motion to dismiss the complaint on this ground was duly made at the opening of the trial and denied, whereupon the defendant excepted. The denial of this motion was error which was not cured by Gottlieb's testimony that he was a depositor, because that evidence was received under objection and exception, and no attempt had been made to amend the complaint. The reception of this evidence also constituted error. As the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

errors referred to are fundamental, it is unnecessary to consider any of the other questions discussed upon the briefs.

The judgment and order appealed from are reversed, and a new trial granted, with costs to appellant to abide the event.  All concur.

